IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY D. CLARK, | ) |
| | ) |
| Plaintiff, | ) Civil No. 3:12-cv-0675 |
| | ) |
| v. | ) JUDGE HAYNES |
| | ) |
| VIACOM INTERNATIONAL INC., | ) Jury Demand |
| VIACOM MEDIA NETWORKS, | ) |
| MTV NETWORKS ENTERPRISES, | ) |
| INC., JIM CANTIELLO, and | ) |
| JOHN DOES 1-20, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' STATEMENT REGARDING ISSUES
TO BE DISCUSSED AT CASE MANAGEMENT CONFERENCE**

Defendants Viacom International Inc., Viacom Media Networks, MTV Networks Enterprises, and Jim Cantiello (collectively "Defendants") submit the following statement with respect to the issues to be discussed at the Case Management Conference scheduled for Friday, January 4, 2013, at 2:00 p.m.

1. <u>Plaintiff's proposed Second Amended Complaint</u>. Defendants oppose Plaintiff's request to file a Second Amended Complaint. Defendants have a fully-briefed Motion to Dismiss currently pending before this Court. Plaintiff seeks to file a Second Amended Complaint to allegedly "render[] moot" Defendants' Motion to Dismiss. (Doc. No. 43 ¶ 9). This would be the second time Plaintiff has amended his Complaint in an attempt to "render moot" a Motion to Dismiss filed by Defendants.

Plaintiff filed his original 63-page Complaint on July 5, 2012. (Doc. No. 1). In response, Defendants filed a Rule 12(b)(6) Motion to Dismiss. (Doc. Nos. 16, 17). Rather than responding to Defendants' legal arguments, Plaintiff amended his Complaint by adding an

additional one hundred (100) pages. (Doc. No. 20). Now that Defendants have moved to dismiss Plaintiff's Amended Complaint, Plaintiff seeks to file a Second Amended Complaint that would allegedly "render[] moot" Defendants' second Motion to Dismiss. (Doc. No. 43 ¶ 9). Respectfully, Plaintiff should not be permitted to "start over" every time Defendants file a Motion to Dismiss, especially given the considerable time, effort, and expense Defendants have expended in addressing Plaintiff's first two (2) Complaints.

Plaintiff claims that he needs to file a Second Amended Complaint to "Rectify any Technical Deficiencies Raised by Defendants in their Rule 12 Motion." (Doc. No. 43 ¶ 8). This statement, however, ignores the fact that Plaintiff has ***already*** had an opportunity to rectify such defects. Specifically, in response to Defendants' original Motion to Dismiss, Plaintiff amended his 63-page Complaint to add an additional one hundred (100) pages. If Plaintiff was unable to rectify his pleading deficiencies with this 163-page Amended Complaint, there is no reason to think these deficiencies will be rectified in a Second Amended Complaint.

Plaintiff also contends that he needs to file a Second Amended Complaint to add additional claims. (Doc. No. 43 ¶ 8). Defendants submit that, if the Court is willing to entertain Plaintiff's request, Plaintiff should be required to file a proper Motion to Amend attaching the proposed Second Amended Complaint. Defendants may have legal arguments (such as futility) in opposition to Plaintiff's proposed Second Amended Complaint, but it is impossible for Defendants to make such a determination in a vacuum. Similarly, Plaintiff contends that he needs to file a Second Amended Complaint to join additional parties. Again, if Plaintiff intends to pursue such joinder, Defendants respectfully request that Plaintiff provide Defendants with appropriate notice by way of a proper motion. It is impossible for Defendants to address

2

meaningfully whether the proposed plaintiffs may be properly joined when Defendants do not know the identity or the allegations of the proposed plaintiffs.

2. <u>Plaintiff's proposal to file numerous duplicative and premature Motions for Partial Summary Judgment</u>. Defendants also oppose Plaintiff's request to file numerous duplicative and premature Motions for Partial Summary Judgment. These proposed Motions for Partial Summary Judgment are duplicative because they address issues that are already before the Court on Defendants' Motion to Dismiss. Moreover, the proposed motions are premature because the parties have yet to engage in discovery. In fact, Plaintiff has not even provided Defendants with his required Rule 26 Initial Disclosures. Defendants respectfully request that, rather than permitting the filing of numerous premature and duplicative Motions for Partial Summary Judgment, the Court set a date after the close of discovery for each party to file one (1) motion for summary judgment addressing any and all issues that each party believes to be appropriate for summary judgment.

3. <u>Stay of discovery</u>. Defendants respectfully request that the Court stay discovery pending adjudication of their Motion to Dismiss Plaintiff's Amended Complaint, which has the potential to narrow substantially the issues in dispute.

4. <u>Other issues</u>. Defendants' counsel will be prepared to address any additional issues presented at the Case Management Conference.

Respectfully submitted,

/s Will Parsons
Jay S. Bowen, TN BPR No. 2649
Will Parsons BPR No. 26519
BOWEN & UNGER, PLC
47 Music Square East
Nashville, TN 37203
Tel.: (615) 329-4440
Fax: (615) 329-4485
jbowen@bowenungerlaw.com
wparsons@bowenungerlaw.com

*Attorneys for the Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically and as such, was served on all counsel of record, via electronic service.

    James H. Freeman
    1515 Broadway, 11th Floor
    New York, NY 10036
    Facsimile: (212) 496-5870
    Telephone: (212) 931-8535
    james@jhfreemanlaw.com

    John Ray Clemmons
    The Fridrich Building, First Floor
    2909 Poston A venue
    Nashville, Tennessee 37203
    Telephone: (615) 460-7478
    Facsimile: (615) 460-7484
    jclemmons@chaffinbumsed.com

on this the 2nd day of January, 2013.

                                                         /s Will Parsons