IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

-------------------------------------------------------------------x
| | |
|---|---|
| COREY D. CLARK : | CASE NO. 3:12-CV-00675 |
| JAERED N. ANDREWS : | |
| DERRELL BRITTENUM : | CHIEFJUDGE HAYNES |
| TERRELL BRITTENUM : | |
| : | |
| -vs- : | |
| : | **ECF** |
| : | |
| VIACOM INTERNATIONAL, INC. : | **JURY TRIAL** |
| VIACOM MEDIA NETWORKS : | |
| VIACOM, INC. : | |
| JIM CANTIELLO : | |
| JOHN DOES 1-20 : | |
| : | |
| Defendants. : | |

-------------------------------------------------------------------X

**PLAINTIFFS' MOTION FOR SEPARATE ENTRY OF
FINAL JUDGMENT PURSUANT TO RULE 58(d)[1]**

Pursuant to Rule 58(d) of the FEDERAL RULES OF CIVIL PROCEDURE ("Fed. R. Civ. P.") and/or upon good cause shown Esq., Plaintiffs Corey D. Clark, Jaered N. Andrews, Terrell Brittenum and Derrell Brittenum ("Plaintiffs") respectfully move this Honorable Court for an Entry of Final Judgment With Respect to any claims and/or parties set forth in the Second Amended Complaint [Docket No. 55] that were dismissed as a matter of law pursuant to Rule 12(b)(6) consistent with the effect of the Court's Order, dated March 26, 2013 [Docket No. 68].

---

[1] This Motion is made in the alternative to Plaintiffs' previous motions at Docket No. 72 and Docket No. 75. If the Court's Memorandum (Docket No. 67) and Order (Docket No. 68) are *amended or altered*, this Motion pursuant to Rule 58(d) may be moot. If the Court's Memorandum (Docket No. 67) and Order (Docket No. 68) are *vacated*, this Motion pursuant to Rule 58(s) will be moot.

1

**Rule 58**

1) Pursuant to Rule 58 of the FEDERAL RULES OF CIVIL PROCEDURE, the Court's Order [Docket No. 68] - which was based on grounds of futility to withstand Defendants' Rule 12(b)(6) – must be entered on the docket *separate and apart* from the Court's Memorandum [Docket No. 67]. See Fed. R. Civ. Pro 58[2].

**Court's Order [Docket No. 68]**

2) Consistent with Rule 58, the Court's Order [Docket No. 68] was entered separate and apart from the Court's Memorandum [Docket No. 67].

3) On its face, the Court's Order [Docket No. 67] does NOT expressly MOOT the Second Amended Complaint, which had already been docketed by the Clerk of Court on February 25, 2013 with notice to all counsel of record.

4) On its face, the Court's Order [Docket No. 68] does NOT expressly reinstate the Amended Complaint [Docket No. 55], which in accordance with the overwhelming majority of caselaw found upon comprehensive Westlaw research [see Docket No. 72], was *automatically superseded* and rendered a nullity upon the Clerk of Court's docketing of the Second Amended Complaint [Docket No. 55].

---

[2] The rationale behind the adoption of the "separate document" provision of Rule 58 was set forth by the Judicial Conference: "The amended rule eliminates these uncertainties (as to whether and when a judgment has been rendered and entered) by requiring that there be a judgment set out on a separate document-distinct from any opinion or memorandum-which provides the basis for the entry of judgment." Judicial Conference of the United States, Report of Proposed Amendments to Certain Rules of Civil Procedure for the United States District Courts, 31 F.R.D. 621, 650 (1962); Advisory Committee Comment on the 1963 amendment of Rule 58 of the Federal Rules of Civil Procedure; Advisory Committee's Note on Rules of Bankruptcy Procedure 921. The Supreme Court has viewed this amendment as "a mechanical change that must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." United States v. Indrelunas, 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973).

5) On its face, the Court's Order [Docket No. 68] utilizes a part of the caption from the Second Amended Complaint in that it includes Plaintiff Andrews, Plaintiff T. Brittenum and Plaintiff D. Brittenum.

**Uncertainty re: Finality**

6) Plaintiffs respectfully submit that the Court's Order [Docket No. 68] has created uncertainty with respect to the finality of judgment on Plaintiffs' meritorious claims set forth in the Second Amended Complaint, particularly with respect to those new claims arising from defamatory material published by Defendants within the one-year period of statute of limitations.

7) Defendants have interpreted the Court's Order to mean that the Second Amended Complaint has been officially rendered a complete nullity by virtue of the entry of the Court's Order. [see Docket No. 77].

8) Plaintiffs believe that the Order [Docket No. 68] tends to *imply* that the Second Amended Complaint was rendered a nullity as a result of such Order because the Order reinstates Defendants' Motion to Dismiss the Amended Complaint. [Docket No. 24].

9) Plaintiffs respectfully submit that the judicial act of reinstating Defendants' Motion to Dismiss is not technically equivalent to the judicial act of voiding an operative pleading or reinstating a superseded pleading.

10) Plaintiffs are uncertain as to whether the Second Amended Complaint has been officially rendered voided (and all new claims and parties therein dismissed) without further clarification from the Court.

11) As a result of this uncertainty, and in order to preserve their substantive rights from being forfeited, Plaintiffs have argued in good faith that the Second Amended Complaint remains

the operative pleading under the Federal Rules of Civil Procedure and Sixth Circuit caselaw authority. [Docket No. 72]

12) Plaintiffs also made a motion [Docket No. 75] under Rule 59 of the FEDERAL RULES OF CIVIL PROCEDURE to correct manifest errors appearing in the Court's Memorandum [Docket No. 67].

13) In response to Plaintiffs' motion Docket No. 72, Defendants' have declined to state any substantive position in opposition to Docket No. 72 but have instead moved for sanctions [Docket No. 77] against Plaintiffs for allegedly failing to obey the Court's Order through motion practice.

## CONCLUSION

If the Second Amended Complaint was rendered a nullity by the Court's Order [Docket No. 68], then for the sake of clarity and certainty, Plaintiffs hereby respectfully request that the Honorable Court make a separate ENTRY on the docket of FINAL JUDGMENT pursuant to Rule 58(d) as to any and all claims and parties set forth in the Second Amended Complaint that the Court has deemed dismissed as a matter of law pursuant to Court Order [Docket No. 68].

Respectfully Submitted,

JH FREEMAN LAW

By: *s/ James H. Freeman*
James H. Freeman
1515 Broadway, 11th Floor
New York, NY 10036
Tel.: (212) 931-8535
Fax: (212) 496-5870
james@jhfreemanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this **7th** of **April, 2013**, a true and correct copy of the foregoing was filed with the Court through the ECF-CM electronic filing system, which will automatically serve electronic notice of the same on the following counsel of record:

Jay S. Bowen, TN BPR No. 2649
Will Parsons BPR No. 26519
BOWEN & UNGER, PLC
47 Music Square East
Nashville, TN 37203
Tel.: (615) 329-4440
Fax: (615) 329-4485
jbowen@bowenungerlaw.com
wparsons@bowenungerlaw.com
*Attorneys for the Defendants*

By: *s/ James H. Freeman*