IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY D. CLARK,<br>JAERED N. ANDREWS,<br>DERRELL BRITTENUM and<br>TERRELL BRITTENUM,<br><br>    Plaintiffs,<br><br>v.<br><br>VIACOM INTERNATIONAL, INC.,<br>VIACOM MEDIA NETWORKS,<br>MTV NETWORKS ENTERPRISES,<br>INC., JIM CANTIELLO and<br>JOHN DOES 1-20,<br><br>    Defendants. | CASE NO. 3:12-0675<br>Chief Judge Haynes |

# MEMORANDUM

Plaintiff, Corey D. Clark, a Tennessee citizen, filed this action under 28 U.S.C. § 1332, the federal diversity statute, against the Defendants: Viacom International, Inc., Viacom Media Networks, MTV Networks Enterprises, foreign corporations, and Jim Cantiello, a citizen of New York. Plaintiff asserts claims for libel and defamation arising out of Defendants' published statements about Plaintiff's disqualification from the *American Idol* television program.

In earlier proceedings, the Defendants filed a motion to dismiss (Docket Entry No. 16) to which Plaintiff responded with his first amended complaint adding allegations and claims. The Defendants renewed their motion to dismiss and Plaintiff moved to file a second amended complaint (Docket Entry No. 54) with additional Plaintiffs, that the Court granted (Docket Entry No. 56). See Local Rule 7.01(b). In the second amended complaint, Plaintiff adds three Plaintiffs and asserts

1

claims for false light invasion of privacy; commercial disparagement; right of publicity; and negligent hiring or retention.

This Court granted Defendants' motion to reconsider (Docket Entry No. 58) the Order granting Plaintiff's motion for leave to file a second amended complaint and set aside the Order (Docket Entry No. 56) allowing the second amended complaint.

Before the Court is the Plaintiff's motion for order altering clearly erroneous statements of fact contained in Court's Memorandum (Docket Entry No. 75) to which Defendants filed a response. (Docket Entry No. 78).

### A. Analysis of the Second Amended Complaint

According to the second amended complaint, on March 31, 2003, the Defendants' agents disqualified Corey Clark from the televised singing competition *American Idol* after "The Smoking Gun" website published a story about Clark's October 12, 2002 criminal arrest in Topeka, Kansas. (Docket Entry No. 55, Second Amended Complaint at ¶¶ 290, 292). Fox television network and *American Idol* producers allegedly reported that Clark's disqualification from "American Idol" was based upon Plaintiff's withholding information about his arrest. Id. ¶ 309. Plaintiff's original complaint alleged three defamatory statements on July 5, 2011, and two on May 21, 2007 on MTV's Internet website. Id. at ¶¶ 164, 204. On October 2, 2012, Plaintiff's amended complaint added three statements published by Defendants on July 5, 2011. (Docket Entry No. 20 at ¶ 485).

Plaintiffs' second amended complaint alleges twenty-seven (27) libelous statements published by Defendants on the Internet against them. (Docket Entry No. 55, Exhibit A). Of these statements, five were published on or after July 5, 2011. Id. In addition, the second amended complaint adds Plaintiffs who were also disqualified from the *American Idol* television show. Jaered

Andrews, an additional Plaintiff, is also a former contestant who was disqualified from the *American Idol* show in 2003, and alleges that Defendants libeled him with five statements. Id. at Exhibit B. Andrews's disqualification arose from his cited involvement in a November 2002 bar fight that ended with a man's death. Id. ¶¶ 526-27. Plaintiff Andrews alleges a libelous statement published within the one-year: that he "was sent home over undisclosed assault charges." Id. at ¶ 812). On February 5, 2004, the New York Post reported that "Last season . . . Jaered Andrews made it to the finals, but was booted when officials learned he'd been arrested on assault charges connected to a bar fight in which a man died." Id. at ¶ 527.

Plaintiffs Derrell and Terrell Brittenum were also contestants on *American Idol* and were disqualified in 2006. Id. ¶ 544. On October 30, 2005, Terrell Brittenum was arrested in Shelby County, Tennessee for driving a stolen car and was charged with theft of the stolen vehicle. Id. ¶¶ 545, 547. On or about November 2, 2005, Shelby County prosecutors charged Terrell Brittenum as a "Fugitive from Justice." Id. ¶ 548. On January 10, 2006, Terrell Brittenum was arrested by Shelby County police on a "governor's warrant" from Georgia in connection with the stolen vehicle. Id. ¶¶ 571-72. On January 17, 2006, U.S. news media reported that Terrell Brittenum was being held in Shelby County Jail and that his brother Derrell was a "fugitive on the run." Id. ¶ 578. Derrell Brittenum reported to the police department in Atlanta, Georgia. Id. ¶ 584. On January 22, 2006, the Brittenums were disqualified from *American Idol* in connection with their arrests. Id. ¶ 588. The Brittenums joined as parties in this action on February 23, 2013, citing two libelous statements, neither of which was published within one year of the Brittenums being named as parties to this action. Id. at Exhibit C.

**B. Conclusions of Law**

3

In Defendants' motion to reconsider (Docket Entry No. 58), Defendants premise their arguments on the futility of certain claims that Plaintiff sought to append in the second amended complaint. Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading should be "freely given when justice so requires." The decision as to whether justice requires the amendment is committed to the district court's sole discretion. Foman v. Davis, 371 U.S. 178, 182-83 (1962); Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986) (citing Zenith Radio Corp v. Hazeltine Research, Inc., 401 U.S. 329, 330 (1971)). When a district court fails to state the basis for its denial, abuse of discretion occurs. See Foman, 371 U.S. at 182. The Court's prior Memorandum (Docket Entry No. 67) found that a number of the claims that Plaintiff sought to add in the second amended complaint would have been futile, and thus, as to those claims, Plaintiff had not met his burden of showing why the motion for a second proposed amendment should be granted.

In this motion, Plaintiff cites Synthes USA Sales, Inc. v. Taylor, 2012 WL 928190 (M.D. Tenn. Mar. 19, 2012), where the district court granted leave to amend a complaint although some proposed claims were futile, because other claims were not. From the Court's research, other courts are in accord. In Kassner v. 2nd Avenue Delicatessen, 496 F.3d 229 (2d Cir. 2007), the plaintiffs had filed a motion to amend their complaint. The district court denied the motion, concluding that the proposed amendments were futile because they would not have defeated a Rule 12(b)(6) motion to dismiss. The Second Circuit reversed, holding "the complaint . . . is, with respect to some claims, sufficient to withstand a motion to dismiss under Rule 12(b)(6)" and as such, "the district court's futility analysis rested on an incorrect conclusion of law." Id. at 244. See also, Optigen LLC. V. Int'l Genetics, Inc., 777 F. Supp. 2d 390, 399 (N.D.N.Y. 2011); Nationwide Mut. Ins. Co. v. BridgeStreet Corporate Housing LLC, 2010 WL 1031863 (S.D. Ohio 2010). But see Pitts v. Dow Chemical Co.,

Case 3:12-cv-00675 Document 98 Filed 12/09/13 Page 4 of 5 PageID #: 2240

859 F. Supp. 543, 546-47 (M.D. Ala. 1994) (permitting plaintiff to amend complaint even though all proposed claims were deemed futile).

Here, both Plaintiff and Defendants agree that although a number of Plaintiff's claims in the proposed second amended complaint are time-barred, some are not (Docket Entry No. 61, Defendant's Memorandum of Law at 3 and Docket Entry No. 75, Plaintiff's Motion to Alter Order at 11 and 13). In its prior Order (Docket Entry No. 68) granting Defendants' motion to reconsider, the Court found that a number of the proposed claims in the second amended complaint would have been futile, and as such, leave to file that second amended complaint was denied. In light of the above authorities and because some of Plaintiff's claims in the proposed second amended complaint are viable, Plaintiff will be granted leave to file a second amended complaint.

## C. Conclusion

For these reasons, Plaintiff's motion to reconsider the prior Order should be granted. An appropriate Order is filed herewith.

**ENTERED** this the 9th day of December, 2013.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

5